1

2

HONORABLE RONALD B. LEIGHTON

3

4

5

6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

JANE ROE 1 AND JANE ROE 2 on behalf of
themselves and on behalf of other similarly
situated individuals, and DREAMGIRLS OF
TACOMA LLC, a Washington Limited Liability
Corporation,

9

10

11

Plaintiffs,

12

vs.

13

JULIE ANDERSON, Pierce County Auditor,
PIERCE COUNTY, a county in the State of
Washington, and DAVID VAN VLEET,

14

15

Defendants.

Cause No.  3:14-cv-05810 RBL

**AMENDED FINDINGS OF
FACT, CONCLUSIONS OF LAW
AND ORDER ON
PRELIMINARY INJUNCTION**

16

17

18

This matter having come before the Court on Plaintiffs' Motion for a Preliminary

Injunction and the Court having considered the Declarations in support thereof and having heard

argument from the parties,

19

20

NOW THEREFORE the Court does enter findings of fact, conclusions of law and order

as follows:

21

22

23

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 1

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

1

## I.     FINDINGS OF FACT

2

3      1.    The business known as Dreamgirls at Fox's is a nightclub in Pierce County

4   Washington that features nude dancing and erotic entertainment.   The business is owned and

5   operated by Plaintiff Dreamgirls of Tacoma LLC, a Washington limited Liability Corporation.

6      2.    The business and the entertainers and mangers that work there are subject to special

7   licensing requirements under the Chapter 5.14 of the Pierce County Code, (hereinafter referred to

8   as "PCC").

9      3. Dreamgirls at Fox is an "erotic dance studio" as that phrase is defined in PCC

10   5.14.010(D).

11      4.  Plaintiff Jane Roe 1 is a "manager" as that term is defined in PCC 5.14.010(E).

12      5.  Plaintiff Jane Roe 2 is a "dancer" as that term is defined in PCC 5.14.010(B).

13      6.  Plaintiffs Jane Roe 1 and Jane Roe 2 bring this action on behalf of themselves and as a

14   class action on behalf of other licensed managers and dancers at Dreamgirls at Fox's and on

15   behalf of those who no longer work there but whose licenses are still maintained by the Auditor's

16   Office.  The class has not yet been certified.

17      7.   Defendant Julie Anderson is the Pierce County Auditor.  The Defendants bring suit

18   against her solely in her representative capacity.   The Auditor's Office is a department of

19   Defendant Pierce County and is responsible for issuing and maintaining licenses under Chapter

20   5.14 of the Pierce County Code.

21      8.  Defendant Pierce County is a county government in the State of Washington.

22      9.   Defendant David Allen Van Vleet is the individual who made the public disclosure

23   request which is the subject of the present lawsuit.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 2

*Gilbert H. Levy*
Attorney at Law

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

10.  Under PCC §§ 5.14.100 and 5.14.110, "managers" and "dancers" at an "erotic dance studio" are required to apply for and maintain managers and dancers licenses that are issued by the Auditor.  Under PCC §§ 5.14.080 and 5.14.090, these licenses expire and are renewed on an annual basis.

11.  Dancers at Dreamgirls at Fox's identify themselves to patrons by a pseudonym commonly known as a "stage name".  The purpose of the stage name is to maintain the dancers' privacy and to protect them from stalking, harassment, discrimination, public embarrassment, and violence when they are outside the club.

12.  Information contained on the manager's license includes the person's true name, date of birth, physical description, and the person's photograph.

13.  Information contained on the dancer's license includes the person's true name, stage name, date of birth, physical description, and the person's photograph.

14.  Defendant Anderson maintains copies of all manager and dancer licenses that are issued by her office.

15.  Defendants Anderson and Pierce County are subject to the requirements of the Washington Public Records Act, (hereinafter "PRA"), which is codified in RCW §§ 42.17.010 et seq. and 42.56.001 et seq.   Defendants Anderson and Pierce County are "agencies" as that term is defined in 42.17.020(1).

16.  The manager and dancer licenses issued and maintained by Defendant Anderson are "public records" as defined RCW §§ 42.17.020, subsections (36) and (42).

17.   "Agencies" such as the Auditor's Office and Defendant Pierce County are required by the PRA to disclose public records upon request to anyone making the request and disclosure

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 3

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

of the records is mandatory.   The only public records protected from disclosure are those

specifically mentioned in a statutory exemption.  RCW 42.56.070(1) provides in part:

> Each agency, in accordance with published rules, shall make available for public
> inspection and copying all public records, unless the record falls within the
> specific exemptions of subsection (6) of this section, this chapter, or other statute,
> which exempts or prohibits disclosure of specific information or records.

18.  Unless specific public documents are subject to a statutory exemption, "agencies"

have no discretion in deciding whether or not to disclose the record.  "Agencies" are not

permitted to inquire as to the purpose for which the record is sought.

19.  The Court finds that there are no statutory exemptions in the PRA applicable to

dancer and manager licenses issued and maintained pursuant to Chapter 5.14 of the Pierce

County Code.   The Auditor is required by the PRA to promptly disclose the licenses to anyone

requesting them regardless of the requestor's intended use once the licenses are obtained.

20.  The Court finds that information contained on managers' and dancers' license, which

includes the license holder's true name and date of birth, can be used to obtain additional

personal information about that that individual including their home address, telephone number

and the names of their friends and family members.  Much of this information is contained in

public data bases that can be accessed via the Internet.  Once the information contained on

managers' and dancers' license is released to Defendant VanVleet, it could be used by him for

any number of purposes and it could be widely disseminated to others who could use the

information to harass and threaten individual mangers and dancers.

21.   The Court finds that Plaintiffs Jane Roe 1 and Jane Roe 2 and others similarly

situated wish to maintain the confidentiality of their personal information as evidenced by their

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 4

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

1    use of stage names while working in the club.  The Court finds that the named Plaintiffs and

2    others similarly situated have reasonable cause to fear harassment, embarrassment,

3    discrimination and threats to their physical safety in the event that copies of their licenses are

4    publically disclosed.

5        22.  On or around September 18, 2014, Defendant Van Vleet made a written public

6    disclosure request to Defendant Anderson requesting disclosure of all licenses for persons

7    working as dancers and managers at Dreamgirls at Fox's.

8        23.  Plaintiffs have reason to fear disclosure of their personal information to Mr. Van

9    Vleet and to other members of the public with whom he might choose to share the information.

10   Van Vleet has been convicted of violating anti-harassment protection orders.

11       24.  Plaintiffs Jane Roe 1, Jane Roe 2 and others similarly situated may discontinue their

12   employment, may choose to work elsewhere, or may choose not to renew their licenses for fear

13   of having their personal information disclosed.

14       25.  Once Plaintiffs' licenses are disclosed, the remedy that they are seeking in the

15   present lawsuit will be irretrievably lost.

16       26.  There is a reasonable probability that Van Vleet and other members of the public will

17   make similar public records requests of managers' and dancers' licenses in the future.

18       27.  On or September 22, 2014, the Pierce County Auditors Office sent written notice to

19   all licensed managers and dancers at Dreamgirls at Fox's informing them of Defendant Van

20   Vleet's public disclosure request and informing them that the documents sought by Van Vleet

21   would disclosed to him unless a court order was obtained on or before October 17, 2014.

22

23   FINDINGS OF FACT, CONCLUSIONS
     OF LAW AND ORDER ON
     PRELIMINARY INJUNCTION - 5

     \\Gil-desktop\officeshare\Levy\Dreamgirls
     Tacoma\Federal Lawsuit\Amended Findings and
     Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

28.  On October 15, 2014, this Court issued a temporary restraining order enjoining Defendants Anderson and Pierce County from complying with Defendant Van Vleet's Public Disclosure request pending a hearing on Plaintiffs' Motion for a Preliminary Injunction.

II.        CONCLUSIONS OF LAW

1.  The Court has jurisdiction to hear this matter, the issues raised in the pleadings are ripe for review, and the Plaintiffs have standing to assert the claims presented herein.

2.  At all times material hereto, the Plaintiffs have been engaged and continue to be engaged in activities protected by the First Amendment to the United States Constitution.

3.  Plaintiffs have raised serious questions regarding whether their First Amendment freedoms and their right to informational privacy would be violated by the disclosure of the requested records in their amended complaint.

4.    Plaintiffs are likely to suffer irreparable injury unless a preliminary injunction is granted by the Court.  Plaintiffs will suffer loss of their First Amendment rights and the fruits of the litigation will be irretrievably lost.  Plaintiffs may suffer harassment and threats to their physical safety once their private information is disclosed.

5.  The balance of the equities tip sharply in the Plaintiffs favor.  Plaintiffs are faced with the loss of their First Amendment rights, deprivation of their right of privacy, and threats to their physical safety if their private information is disclosed.  Defendants Anderson and Pierce County already have access to the information needed for maintaining the licensing scheme and will not be harmed if public disclosure is restrained pending trial on the merits.  Defendant Van Vleet has no legitimate interest in the information sought by the public disclosure request and will not be harmed if public disclosure is restrained pending trial on the merits.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 6

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252

6. The Public has an interest in the protection of Plaintiffs' First Amendment and privacy rights and the public interest is served by issuance of a preliminary injunction.

7. There is a likelihood of repetition unless a preliminary injunction is granted with respect to future similar requests.

III.        ORDER

Defendants Anderson and Pierce County are hereby enjoined from disclosing manager and dancer licenses, manager and dancer license applications, or any other personal identifying information of managers and dancers obtained pursuant to Chapter 5.14 of the Pierce County Code to Defendant David Allen Van Vleet or any member of the public pending final resolution of this matter in the District Court.  The bond previously posted by the Plaintiffs shall remain the same.

DATED THIS 23rd day of October, 2014

_____
U.S. DISTRICT JUDGE

Presented by:

/s/ Gilbert H. Levy
Gilbert H. Levy, WSBA 4805
Attorney for Plaintiffs

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER ON
PRELIMINARY INJUNCTION - 7

\\Gil-desktop\officeshare\Levy\Dreamgirls
Tacoma\Federal Lawsuit\Amended Findings and
Conclusions on Preliminary Injuction.doc

*Gilbert H. Levy*
Attorney at Law
2003 Western Avenue, Ste 330
Seattle, Washington  98121
(206) 443-0670  Fax: (206) 448-2252