HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE ROE 1 AND JANE ROE 2 on behalf of themselves and on behalf of other similarly situated individuals, and DREAMGIRLS of TACOMA LLC, a Washington Limited Liability Corporation,<br><br>                 Plaintiffs,<br><br>      v.<br><br>JULIE ANDERSON, Pierce County Auditor, PIERCE COUNTY, a county in the State of Washington, and DAVID VAN VLEET,<br><br>                 Defendants. | No. 3:14-CV-05810 RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART<br><br>[Dkt. #38] |

THIS MATTER is before the Court on Plaintiffs' Motion for Summary Judgment [Dkt. #38]. Plaintiffs are erotic dancers and managers at Dreamgirls at Fox's, a Parkland, Washington erotic dance studio. Erotic dancers and managers are required to be licensed under local law.[1]

---

[1] *See* Pierce County Code Chapter 5.14.  The licensing requirements for dancers and managers are slightly different, as are the privacy concerns they raise.  But the issues are the same, and the outcome is the same.  For clarity this order will refer to the plaintiffs as "dancers" unless the context requires otherwise.

Defendant David Van Vleet, a private citizen, filed a Public Records Act (PRA) disclosure request with Defendant Pierce County Auditor Julie Anderson seeking the Dreamgirls' employees' personal information, including true names, birthdates, and photographs. Anderson informed the Plaintiffs of Van Vleet's request and of her intention to disclose their information to him unless Plaintiffs obtained an injunction.

Plaintiffs sued seeking to temporarily and permanently enjoin the disclosure—not just to Van Vleet, but to any member of the general public.  They argue that the PRA's privacy exception is not broad enough to prevent that disclosure—as Anderson apparently determined— but that disclosure would violate their constitutional rights to privacy and free expression. The Court held a hearing and granted a preliminary injunction enjoining the disclosure[2]. Plaintiffs now seek a declaration that the PRA is unconstitutional as applied to them, and a permanent injunction barring disclosure of their license information to all members of the general public[3]. They claim that disclosure would lead to stalking, harassment, blackmail, and injury to relationships and future employment prospects.

Van Vleet has not responded to the Motion. The Attorney General filed an *amicus* brief [Dkt. #45], arguing that the PRA is constitutional because it does not require the disclosure of information protected from disclosure by the Constitution; its exemptions incorporate any constitutionally-required limitation on such disclosures.  The State takes no position on whether the Constitution does, in fact, preclude disclosure of the dancers' licensing information in response to PRA requests like the one made by Van Vleet.

---

[2]  Van Vleet appeared at the hearing and opposing the preliminary injunction.  He claimed that he had a First Amendment right to access the information so that he could pray for the Plaintiffs, by name.

[3]  Plaintiffs also seek certification of a class of all licensed dancers and managers in Pierce County. [Dkt. #33].  That Motion will be resolved in a separate Order.

# I.   DISCUSSION

## A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## B.   The PRA.

The PRA is a tool to enable citizens to monitor their government. It is not a mechanism for them to examine, exploit, or endanger each other: "[t]he primary purpose of the public records act is to provide broad access to public records to ensure government accountability." *Livingston v. Cedeno*, 164 Wash. 2d 46, 52 (2008)(*en banc*); *see also In re Request of Rosier*, 105 Wash. 2d 606, 611 (1986) (the basic purpose and policy of the PRA is to allow public scrutiny of government, rather than to promote scrutiny of particular individuals who are unrelated to any governmental operation.); *Hearst Corp. v. Hoppe*, 90 Wash. 2d 123 (1978) (the purpose of public disclosure is the "efficient administration of the government," keeping in

mind, "the right of individuals to privacy"). The PRA was never intended to facilitate spying or stalking, or to enable a host of other nefarious goals.  Thus, the PRA generally requires the disclosure of governmental documents and records to citizens requesting them. It also recognizes that some information should not subject to public disclosure, and provides for redaction in some cases:

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, this chapter, or **other statute** which exempts or prohibits disclosure of specific information or records. To the extent required to prevent an unreasonable invasion of personal privacy interests protected by this chapter, an agency shall delete identifying details in a manner consistent with this chapter[.]

RCW §42.56.070(1) (emphasis added)[4].

The parties agree that PRA has no express exemption protecting erotic dancers' information from disclosure[5]. The privacy right it recognizes precludes disclosure if information about the person: (1) would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public. RCW §§ 42.56.050.

Plaintiffs argue that the PRA's "other statute" reference does not include the Constitution, because the Constitution is not a statute, and because the PRA elsewhere explains that all exemptions must be narrowly construed in order to ensure maximal disclosure and governmental transparency: "This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected." RCW §§ 42.56.030.  The Plaintiffs claim that because the disclosure of their

---

[4]  Though  Plaintiffs' information might be redacted under RCW §42.56.070(1) to exclude any "private" information pursuant to the PRA's common law privacy protections, neither party argues this, and the Court declines to analyze it.

[5]  Indeed, this court so found in granting the preliminary injunction [Dkt. #26].

information that would violate their First Amendment rights, and the PRA does not prohibit that disclosure, it is unconstitutional as applied to them.

The State argues that the PRA's deference to "other statute[s]" is a "catch all" saving clause, which does not require a disclosure that would violate the Constitution:

> If the requested records are constitutionally protected from public disclosure, that protection exists without any need of statutory permission, and may constitute an exemption under the PRA even if not implemented through an explicit statutory exemption.

> In other words, it is not necessary to read the PRA in conflict with the Constitution when the Act itself recognizes and respects other laws (including constitutional provisions) that mandate privacy or confidentiality.

[Dkt. # 45 at 4]. *citing Seattle Times Co. V. Serko,* 170 Wn.2d 581 (2010); *Ameriquest Mortgage Company v. Washington State Office of the Attorney General*, 170 Wn.2d 418, 439-40,  (2010) (constitutional preemption of PRA analysis not required because of RCW §§ 42.56.070's "other statute" exemption accommodates the Constitution); *see also Freedom Foundation v Gregoire*, 178 Wn.2d 686, 310 P.3d 1252 (2013). This interpretation is also consistent with the canon of constitutional avoidance: when a statute is susceptible to more than one construction, the interpretation that does not violate the constitution is favored. *See Clark v. Martinez*, 543 U.S. 371, 385, (2005).

The State is correct. The PRA, by design, cannot violate the Constitution, and constitutional protections (such as freedom of expression) are necessarily incorporated as exemptions, just like any other express exemption enumerated in the PRA. Plaintiffs' claim that the PRA is unconstitutional as applied because it cannot accommodate a constitutional limitation on disclosure is wrong, and is rejected.

**C.      Constitutional Protections**

The issue, then, is whether the Constitution protects Plaintiffs' information, exempting it from disclosure under the PRA. Plaintiffs argue that, as workers in an erotic dance studio, they are engaging in a form of protected First Amendment expression, and that disclosure of their information would have an unconstitutional chilling effect on that expression.

It is well-established that erotic dancing is a protected form of expression under the First Amendment: "Courts have considered topless dancing to be expression, subject to constitutional protection within the free speech and press guarantees of the First and Fourteenth Amendments." *Kev, Inc. v. Kitsap Cnty.,* 793 F.2d 1053, 1058 (9th Cir. 1986).The Ninth Circuit has emphasized that a county's public disclosure of erotic dance employees' personal information has an unconstitutional chilling effect on that protected form of expression:

> The First Amendment does not permit the County to put employees of adult entertainment establishments to the choice of applying for a permit to engage in protected expression in circumstances where they expose themselves to unwelcome harassment from aggressive suitors and overzealous opponents of such activity, or choosing not to engage in such activity out of concern for their personal safety. The chilling effect on those wishing to engage in First Amendment activity is obvious.

*Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1012 (9th Cir. 2004) (internal quotations omitted).

The disclosure of Plaintiffs' information here would have a similarly unconstitutional chilling effect. As erotic dance studio employees, Plaintiffs are uniquely vulnerable to harassment, shaming, stalking, or worse. Plaintiffs have express concern regarding the enhanced risk that disclosure of their real names and other licensing information might bring. They plausibly claim that they would not have engaged in their profession had they known that their erotic license information could be so easily disclosed to any member of the public. This is

exactly the kind of chilling effect that the Ninth Circuit held to be unconstitutional in *Dream Palace*. Thus, the Plaintiffs' information is protected under the First Amendment, and it is exempted from disclosure under the PRA.

### C. Permanent Injunction.

Plaintiffs seek a broad injunction barring the Pierce County Auditor from disclosing all dancer and manager licenses and license applications to all members of the general public, based on their claim theory that the PRA is unconstitutional as applied.

A permanent injunction is appropriate when the Plaintiff demonstrates: (1) that she will likely suffer an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to protect against that injury; (3) that, considering the balance of hardships between the Plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The PRA is not unconstitutional as applied. Nevertheless, a permanent injunction is appropriate in this case, because no other remedy is sufficient to prevent harm to Plaintiffs, the balance of equities favors them, and the public interest would not be disserved. There is no adequate remedy for the damage to Plaintiff's safety that could result from an unconstitutional disclosure. There is clearly no hardship to Mr. Van Vleet; he did not even respond to the motion[6]. Finally, the public interest is best served when the privacy and safety of its members is protected. Thus, an injunction against this particular disclosure is necessary under the First Amendment, and under the PRA's "catch all" exemption. RCW §§ 42.56.070.

---

[6] Ironically, Van Vleet refused to provide his email address, phone number, or physical address to the court. This Order will be mailed to his P.O. box.

Plaintiffs seek a broad injunction based on the claim that the PRA is unconstitutional as applied. Because it is not, however, the Court will permanently enjoin only the disclosure before it. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1141 (9th Cir. 2009) (an injunction should not be overbroad). Thus, the permanent injunction does not extend beyond Van Vleet's request in this case.

## II.   CONCLUSION

Anderson's determination that the PRA required disclosure of Plaintiff's licensing information was in error. Defendants Pierce County and Andersen are PERMANENTLY ENJOINED from disclosing the information requested to Van Vleet due to the protected nature of Plaintiffs' license information under the First Amendment, and the PRA's recognition of that protection in its "catch all" disclosure exemption, RCW §§ 42.56.070). Plaintiff's motion for Summary Judgment is, to this extent, GRANTED. The case is DISMISSED.

IT IS SO ORDERED.


Dated this 10th day of August, 2015.


Ronald B. Leighton
United States District Judge