HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE ROE 1 and JANE ROE 2,<br><br>    Plaintiff,<br><br>v.<br><br>JULIE ANDERSON, PIERCE COUNTY, and DAVID VAN VLEET,<br><br>    Defendant. | CASE NO. 3:14-CV-05810 RBL<br><br>ORDER GRANTING CLASS CERTIFICATION<br><br>[Dkt. #33] |

Before the Court is Plaintiffs' Motion for Class Certification [Dkt. #33]. Plaintiffs are an erotic dancer and a manager at Dreamgirls at Fox's, a Parkland Washington erotic dance studio. Erotic dancers and managers are required to be licensed under local law. Defendant David Van Vleet, a private citizen, filed a Public Records Act (PRA) disclosure request with Defendant Pierce County Auditor Julie Anderson seeking the Dreamgirls' employees' personal information. Anderson informed the Plaintiffs of Van Vleet's request and of her intention to disclose the information to him unless Plaintiffs obtained an injunction. Plaintiffs sued, seeking to temporarily and permanently enjoin the disclosure—not just to Van Vleet, but to any member of the general public.

They also move to certify as a class of some seventy similarly situated erotic dance studio workers in Pierce County, pursuant to Rule 23:

> Plaintiffs seek certification of a class that includes every licensee of a Pierce County erotic dance studio dancer license and Pierce County erotic dance studio manager license issued pursuant to Pierce County Code Chapter 5.14.

Plaintiffs' Motion for Class Certification [Dkt. #33]

Defendants have not responded to Plaintiffs' motion.

## I. DISCUSSION

A party seeking to certify a class must demonstrate that it has met all four requirements of Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and at least one of the requirements of Rule 23(b). Under Rule 23(a), members of a class may sue or be sued as representative parties only if:

> (1) the class is so **numerous** that joinder of all members is impracticable;
> (2) there are questions of law or fact **common** to the class;
> (3) the claims or defenses of the representative parties are **typical** of the claims or defenses of the class; and
> (4) the representative parties will fairly and **adequately** protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added)

Rule 23(b) provides for the maintenance of several different types of class actions. Fed. R. Civ. P. 23(b). Plaintiffs seek to certify the proposed class under 23(b)(3). A class can be certified under this rule if a court finds both that common questions of law or fact "predominate" over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A. Rule 23(a) Requirements

Plaintiffs correctly argue that their proposed class is numerous enough. In making this determination, two factors to be considered are the size, and class members' reluctance to sue

individually. *Jordan v. Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). The proposed class contains an estimated seventy individuals, which is certainly enough to constitute a worthwhile class action. Plaintiffs also point out that individual members would be reluctant to sue individually because litigation is expensive, and the damage here is not financial. Thus, Plaintiffs' proposed class meets the numerosity requirement.

Plaintiffs correctly argue that their proposed class has common issues of both law and fact, despite being composed of both managers and dancers. Commonality requires that common questions of law or fact exist among class members. Fed. R. Civ. P. 23(a)(2). The courts have treated the requirement of Rule23(a)(2) as a "minimal" hurdle. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The difference between the effects on disclosure on these two professions is that dancers likely have more to fear from disclosure in the way of harassment, shaming, and violence, than do managers. However, this is a minor difference in degree; the question of law and the nucleus of facts are otherwise common to all parties of the proposed class.

Plaintiffs correctly argue that manager Jane Roe 1 and dancer Jane Roe 2 are typical of the class and that the named Plaintiffs will adequately represent the class. Plaintiffs are co-extensive with the class in every way, since they occupy the same professions, work for the same business, and are likely to suffer the same harm from the same disclosure request. The relief sought by Plaintiffs is exactly identical to that which is sought by the remainder of the class. Thus, Plaintiffs are typical of the class, and have large incentives to adequately represent the class.

**B.    Rule 23(b)(3) Requirements**

Plaintiffs seek to certify the class under Rule 23(b)(3), which allows class certification if two conditions are satisfied in addition to the Rule 23(a) prerequisites: "common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon* F.3d 1011 at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

Both prerequisites are satisfied by Plaintiffs. A common question predominates, since Plaintiffs' singular question is whether their information should be disclosed, and this question is shared by the rest of the class. Class resolution is superior because since the other class members are unlikely to adjudicate otherwise, and if they did, efficiency favors a single case to seventy identical ones.

## II. CONCLUSION

Plaintiffs' proposed class meets all of the requirements for certification. The class is numerous, common questions predominate, the named Plaintiffs' claims are typical of those of the class, class-wide resolution is superior to other available methods of resolution, and the named Plaintiffs and their counsel will adequately represent the class. The Plaintiffs' Motion for Class Certification [Dkt. # 33] is GRANTED and the above--referenced class is certified.

IT IS SO ORDERED.

Dated this 10th day of August, 2015.

Ronald B. Leighton
United States District Judge